IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH SESSION, 1997

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JOE GLASGOW, JR., | ) | C.C.A. NO. 01C01-9605-CC-00092 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. WALTER C. KURTZ, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

## SEPARATE OPINION CONCURRING IN
## PART AND DISSENTING IN PART

I concur with Parts I and III of Judge Tipton's opinion. However, I must respectfully dissent from Part II of the opinion.

The trial court was correct in holding that any issue regarding the merits of the search issue or the effectiveness of Petitioner's trial counsel has been previously determined. This fact was acknowledged by the majority opinion. However, as I understand the majority opinion, Petitioner is still entitled to again raise these issues by alleging ineffective assistance of counsel who represented Petitioner in the motion for new trial hearing. Defendant pursued a course of action which this court has previously observed to be unwise; he chose to allege ineffective assistance of counsel at trial in his motion for new trial and in his direct appeal, rather than waiting to file that claim in his first post-conviction petition. See State v. Joseph Clyde Beard, Jr., No. 03C01-9502-CR-000044, Sullivan County (Tenn. Crim. App., Knoxville, Sept. 26, 1996); Kirby George

Wallace v. State, No. 01C01-9308-CC-00275, Stewart County (Tenn. Crim. App., Nashville, Sept. 15, 1994); State v. Jimmy L. Sluder, No. 1236, Knox County (Tenn. Crim. App., Knoxville, March 14, 1990).

The Petitioner was given a full opportunity to be heard on the search issue and the issue of ineffective assistance of counsel at his trial. He was afforded the opportunity to present evidence and argument, and the trial court determined that the issues were meritless, and this was affirmed upon review in this court. Thus the ultimate issues, the ineffective assistance of counsel during the trial and the search issue, have been previously determined. See House v. State, 911 S.W.2d 705, 710-11 (Tenn. 1995).

I would affirm the judgment of the trial court dismissing the petition for post-conviction relief except insofar as the judgment in State v. Joe Glasgow, Jr., No. 01-C-01-9102-CC-00082, Davidson County (Tenn. Crim. App. Oct. 10, 1991) is vacated and reinstated upon date of the filing of the opinion of this court, in order to afford the Petitioner the opportunity to file for application for permission to appeal to the supreme court.

_____
THOMAS T. WOODALL, Judge